United States District Court
for the
Southern District of Florida

| United States of America, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Case No. 12-60175-CR-Scola |
| | ) | |
| Kevin Bradford Bryant, | ) | |
| Defendant. | ) | |

## Order Granting Defendant's Petition for Judicial Recommendation

This matter is before the Court upon Defendant Kevin Bryant's ("Defendant") Petition for Judicial Recommendation concerning the duration of his placement in a Residential Re-entry Center or Halfway House (collectively, "RRC"). (ECF Nos. 348, 349, 351.) The United States of America ("Government") responded in opposition to the Defendant's petition. (ECF No. 352.) The Court has reviewed the petition, all supporting and opposing submissions, the record in the case, and is otherwise fully advised. For the reasons discussed below, the Defendant's petition is granted, and the Court recommends that the Bureau of Prisons ("BOP") place the Defendant in an RRC for the maximum allowable time up to twelve months.

### I. Background

On July 23, 2013, this Court sentenced the Defendant to a statutory minimum term of 120 months' imprisonment pursuant to his guilty plea to conspiracy to import five kilograms or more of cocaine in violation of 21 U.S.C. § 963. (ECF No. 228.) In its Judgment, the Court recommended to the BOP that the Defendant be designated to a facility that offers a 500-hour Residential Drug Abuse Program ("RDAP"). (*Id.*) The Defendant is currently serving his sentence at a minimum-security federal prison camp in Miami, Florida, and is scheduled for release on March 1, 2021. On or about November 20, 2019, the BOP approved the Defendant for a 180-day placement in an RRC. (ECF No. 352.) Based on his "effort to better himself" in preparation for his reentry into the community, the Defendant now petitions this Court for a recommendation that the BOP afford him the 12-month maximum placement in an RRC prior to the end of his sentence. (ECF No. 348 at 2.)

## II. Legal Standard

The BOP has the statutory authority to designate the place of a defendant's imprisonment. 18 U.S.C. § 3621(b). Further, the Second Chance Act of 2007 provides that,

> The Director of the [BOP] shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1); 28 C.F.R. § 570.20(a) (providing that "community correctional facility" includes "residential re-entry centers"). Section 3624(c) directs the BOP to place a prisoner preparing to reenter civilian life in an RRC based on an individualized determination and for a "sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6).

In order to make this individualized determination, the Second Chance Act requires BOP staff to review inmates for RRC placement 17 to 19 months before their projected release date and to consider the following five factors set forth in 18 U.S.C. § 3621(b): (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence (concerning the purposes for which the sentence to imprisonment was determined to be warranted, or recommending a type of penal or correctional facility as appropriate); and (5) any pertinent policy statement issued by the Sentencing Commission. *See* 18 U.S.C. § 3621(b)(1)-(5).

Ultimately, "[i]t is within the discretion of the BOP whether to place a prisoner in an RRC, and if so, for how long." *Bromfield v. Dobbs*, No. 18-CV-22618, 2019 WL 404048, at *5 (S.D. Fla. Jan. 16, 2019) (Reid, Mag. J.) (citation omitted), *report and recommendation adopted*, No. 18-CV-22618, 2019 WL 399899 (S.D. Fla. Jan. 31, 2019) (Scola, J.). The Court underscores that while it may make a recommendation as to the appropriate correctional facility, "a district court's recommendation to the [BOP] is just that—a recommendation." *U.S. v. Phillips*, No. 13-CR-80230, 2019 WL 4926175, at *2 (S.D. Fla. Oct. 7, 2019) (Bloom, J.) (quoting *U.S. v. Ceballos*, 671 F.3d 852, 856 (9th Cir. 2011)). Indeed, the advisory nature of such a recommendation is codified into law. *See* 18 U.S.C. § 3621(b) (providing that a recommendation "by a sentencing court

that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the [BOP] . . . to determine or change the place of imprisonment of that person").

### III. Discussion

In this case, the BOP considered all five factors under Section 3621and decided to place the Defendant in an RRC for six months. (ECF No. 351 at 6.) However, the Court was petitioned to make a recommendation only after the BOP had already made its decision. Accordingly, as to the fourth factor, the BOP noted that "[t]he court did not make any statements . . . ." (*Id.*) The Defendant now requests that the Court provide for the BOP's consideration a recommendation that he be placed in an RRC for 12 months based on his rehabilitative efforts.

The Government opposes the petition on two grounds. First, the Government argues that to the extent the Defendant requests a recommendation for placement in an RRC, the petition is moot because the BOP has already granted him placement in an RRC. (ECF No. 352.) This argument is unpersuasive. The parties do not dispute that the BOP approved the Defendant for a 180-day placement in an RRC, and the Defendant plainly is not petitioning for a recommendation that he be placed in an RRC. Rather, the Defendant is requesting that the Court make a recommendation as to the length of time that he should be placed in an RRC.

The Government's second argument is that if the Defendant's "complaint is that he is dissatisfied with the length of time that BOP has decided to place him in an RRC (180 days instead of a year), [the Defendant] would have to seek habeas relief under 28 U.S.C. § 2241 to obtain judicial review of the BOP's decision." (*Id.* at 2 (citation omitted).) Moreover, according to the Government's argument, the petition cannot be construed as a motion for habeas relief because the Defendant has not exhausted all administrative remedies. (*Id.*)

The Court rejects the Government's second argument. Defendants need not seek habeas relief in order for a court to exercise its authority to make a non-binding recommendation under 18 U.S.C. § 3621(b). The Defendant does not argue that the BOP made its RRC placement decision in an unconstitutional or unlawful manner. He merely identifies the five Section 3621(b) factors that the BOP must consider, one of which is a recommendation from the sentencing court, and he now petitions this Court to make such a recommendation. A majority of district court decisions reviewed by this Court have made such recommendations post-sentencing. *See, e.g., U.S. v. Phillips,* 13-cr-80230 (S.D. Fla. Oct. 7, 2019) (Bloom, J.); *U.S. v. Mighty,* 18-cr-60145 (S.D. Fla. June 5, 2019) (Bloom, J.) (same); *U.S. v. Hoffman,* 15-cr-00234 (E.D. Cal. Dec. 19, 2018) (same); *U.S. v. Ferguson,* 16-cr-00707 (D.S.C. Oct. 19, 2018) (same).

To the extent the Government argues that the Court cannot make a recommendation now that the BOP has already made a placement decision, the Court disagrees. Section 3621(b) contains no temporal restriction regarding when a Court may make the RRC placement recommendation contemplated by the Second Chance Act. *See* 18 U.S.C. § 3621(b) (requiring the BOP to consider "*any* statement by the court that imposed the sentence") (emphasis added); *id.* ("*Any* order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the [BOP] under this section to determine *or change* the place of imprisonment of that person.") (emphasis added); *see also Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 219 (2008) ("[T]he expansive word 'any' and the absence of restrictive language left 'no basis in the text for limiting' the phrase 'any other term of imprisonment' to federal sentences.") (citation omitted).

This Court has previously addressed a situation in which the BOP made an RRC placement decision upon consideration of the five Section 3621(b) factors and later revised its placement decision based on a change in one of those factors. In *Bromfield v. Dobbs*, the petitioner sought habeas relief after the BOP reduced his RRC placement from a 180-day period down to only 137 days. No. 18-CV-22618, 2019 WL 404048, at *5 (S.D. Fla. Jan. 16, 2019) (Reid, Mag. J.) (citation omitted), *report and recommendation adopted*, No. 18-CV-22618, 2019 WL 399899 (S.D. Fla. Jan. 31, 2019) (Scola, J.). After the BOP decided to place the petitioner in an RRC for 180 days, it reconsidered its decision "due to insufficient resources to support a longer placement." 2019 WL 404048, at *2. Thus, in *Bromfield*, the BOP reconsidered a Section 3621(b) factor in light of changed circumstances subsequent to its initial decision. *See* § 3621(b)(1) (requiring the BOP to consider "the resources of the facility contemplated"). The Government points to no authority barring a court from making a non-binding recommendation for the BOP's consideration where, as in *Bromfield*, a decision was already made. *Cf. U.S. v. Hoskins*, No. 3:01-CR-00266, 2018 WL 1605595, at *1 (M.D. Pa. Apr. 3, 2018) (making judicial recommendation as to RRC placement duration after BOP made initial determination).

The Defendant contends that the Second Chance Act authorizes the Court to recommend that he serve the last 12 months of his sentence at an RRC. (ECF No. 349.) The Defendant does not argue that the Court has the authority under these circumstances or in this procedural posture to modify his sentence or order the BOP to modify its decision. He acknowledges that any recommendation by the Court would be "non-binding." (ECF No. 348 at 3.)

In support of his request that the Court make a non-binding recommendation for a 12-month RRC placement, the Defendant informed the

Court of his efforts towards a productive return to society. The Defendant promptly made the best of his incarceration. It appears that within two months of his being incarcerated he obtained a high school diploma. (ECF No. 351 at 5.) The Defendant was thereafter continuously enrolled in educational courses for the duration of his incarceration. (*Id.*) He promptly started taking personal improvement classes such as Responsible Thinking, Managing Anger, and Finding Your Purpose. (*Id.*) He went on to take various practical courses that may help him pursue a legitimate business career such as Borrowing Basics, Introduction to Taxes, Accounting, and Small Business. (*Id.*) The Defendant also took vocational courses including Commercial Drivers License and Forklift Driving. (*Id.*) Additionally, the Court notes that the Defendant works in the camp and his 6-month discipline history report is clear of infractions. (*Id.*) The Defendant also completed the 500-hour RDAP program where he treated his substance addictions and "continues to work as a senior mentor to others with addiction problems." (ECF No. 348 at 2.) In his petition, the Defendant also took the opportunity to express his sincere remorse for the crime he committed and acknowledged that he hurt not just himself, but his family and society too. The overall record of the Defendant's time as an inmate shows this Court that he has earned the second chance contemplated by the Second Chance Act.

**IV.   Conclusion**

For the foregoing reasons, the Court **grants** the Defendant's petition (**ECF No. 348**). However, it appears that in this case a full six-month addition to the Defendant's RRC placement is not possible. The Defendant is set to be released from BOP custody on March 1, 2021 and his RRC placement is scheduled to begin approximately six months earlier on September 3, 2020. Placing the Defendant in an RRC for an additional six months would have required that he start at an RRC on March 3, 2020. Because the Defendant is scheduled to be released in under 12 months, the Court **recommends** that the BOP place the Defendant in an RRC as soon – and for as close to 12 months – as possible.

The Clerk is instructed to mail copies of this order to the Defendant at the address listed below.

**Done and Ordered** at Miami, Florida on March 9, 2020.

Robert N. Scola, Jr.
United States District Judge

Copies to:

Counsel of Record

Bureau of Prisons

Kevin Bradford Bryant
02463-104
Miami FCI
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 779800
Miami, FL 33177